IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

v.                                        CRIMINAL ACTION NO. 2:20-cr-91-01

RYAN ASHLEY WILLIAMS

MEMORANDUM OPINION AND JUDGMENT ORDER

Pending before the Court is a motion, brought pursuant to 18 U.S.C. § 3582(c)(2), to reduce Defendant's sentence based on a subsequent reduction in the applicable sentencing guideline. [ECF No. 56]. On November 1, 2023, a multi-part criminal history amendment designated as Amendment 821 in Appendix C to the *Guidelines Manual* became effective. Part A of the amendment addresses status points, decreasing them by one point for individuals with seven or more criminal history points and eliminating status points for those with six or fewer criminal history points. Subpart 1 of Part B creates a new § 4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Parts A and B, subpart 1 of the criminal history amendment both have retroactive effect. Recognizing that the courts, probation officers, and the Bureau of Prisons would need time to process motions and prepare release plans, the Commission also decided to

require that any reduction in the term of imprisonment based on retroactive application of Amendment 821 not be effective until February 1, 2024, or later. (See Amendment 825 to USSG § 1B1.10, effective November 1, 2023). Accordingly, an order reducing a term of imprisonment based upon retroactive application of Amendment 821 must have an effective date of February 1, 2024, or later. By previous Order entered on February 7, 2024, this case was designated for Expedited consideration pursuant to this Court's standing Order Adopting Procedures for Petitions Seeking Retroactive Application of the 2023 Criminal History Amendments.

The Court has received and considered the original Presentence Investigation Report (PSR), original Judgment and Commitment Order and Statement of Reasons, and the addendum to the PSR from the Probation Office. The Court has also considered the applicable factors under 18 U.S.C. § 3553(a), consistent with § 3582(c)(2), and public safety.

In the Memorandum of the United States in Opposition to Defendant's Eligibility for a Sentence Reduction Pursuant to Part A to Amendment 821 of the United States in Appendix C to the United States Sentencing Guidelines, [ECF No. 59], the United States argues that Mr. Williams is ineligible for a sentence reduction because, even though he was assessed two points for status, his Criminal History Category and advisory guideline range were the effect of his designation as a Career Offender. I agree.

On September 30, 2021, Mr. Williams was sentenced to 128 months

imprisonment followed by four years of supervised release. [ECF No. 50]. His total offense level was 31. *See* [ECF No. 53, ¶ 62]. He had a subtotal of eight criminal history points and received an additional two points for status, establishing a Criminal History Category of V; however, because Mr. Williams qualified as a career offender under U.S.S.G. § 4B1.1, his Criminal History Category was VI. *Id.* ¶¶ 69–72. Based on a total offense level of 31 and a Criminal History Category of VI, the Court calculated a Guideline range of 188 to 235 months.

Even though Mr. Williams received two points for status, he is ineligible for a sentence reduction pursuant to Amendment 821. The Court determined that Mr. Williams qualified as a career offender which resulted in a Criminal History Category of VI. His guideline range was not the result of the status points he received, but rather the result of his classification as a career offender. His Guideline range is not affected by Amendment 821 and is also not altered by the retroactive Guideline amendments. Therefore, the Court finds that Mr. Williams is ineligible for relief.

Wherefore, after thorough review and careful consideration, the Court **ORDERS** any relief pursuant to 18 U.S.C. § 3582(c)(2) be **DENIED**, and that the sentence imposed on September 30, 2021, remain in effect.

The Court **DIRECTS** the Clerk to send a copy of this Order to Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshals.

ENTER:     March 5, 2024

_____

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE